UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL WATSON,

                        Plaintiff,

                - against -

WILLIAM ZERILLO, JASON MAFFIA,
SHARON MACINTOSH, JEAN RAPHAEL
YVON DUPOUX, UNITED STATES
MARSHAL SERVICES, THE GEO GROUP,
INC.,

                       Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-cv-02591 (CBA) (VMS)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 6 – 2014 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge:**

Plaintiff Michael Watson, who is currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York, brings this pro se action alleging that he was not provided with adequate medical care when he was incarcerated at a prison facility owned and operated by defendant The GEO Group., Inc. ("GEO Group"). Watson's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted solely for purposes of this Order. For the reasons discussed below, Watson's complaint is dismissed.

## BACKGROUND

Watson alleges that on July 10, 2010, he suffered a back injury while playing basketball at the Queens Detention Facility located at 182-22 150th Avenue, New York. He alleges that there was a delay in his being seen by a doctor and that medical examinations eventually showed that he had suffered a herniated disc, stenosis, and swelling of the testicles. Watson alleges that the medical staff at the facility knew of his injuries and failed to provide him with adequate medical care in violation of his Eighth Amendment rights. Watson seeks monetary damages.

1

## STANDARD OF REVIEW

Pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123-24 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Pursuant to the in forma pauperis statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Watson brings suit against GEO Group, a company that owns and operates the Queens Detention Facility, which houses federal prisoners; the warden and medical staff of the facility; and the United States Marshals Service. Although Watson purports to bring this action pursuant to 42 U.S.C. § 1983, any claims brought under § 1983 fail because he has not plausibly alleged that defendants are either state actors or private parties acting under color of state law. See District of Columbia v. Carter, 409 U.S. 418, 424 (1973); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.4 (2d Cir. 1991) ("[A] prerequisite for relief under § 1983, which concerns the deprivation of rights, privileges, and immunities secured by the Constitution and federal laws, is

that the defendant acted under color of state law."). Therefore, Watson has failed to state a claim under § 1983.

Nor can Watson's complaint be construed as asserting a cause of action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"). To establish a Bivens cause of action, a plaintiff must show that a federal agent acting under color of such authority violated a cognizable constitutional right of the plaintiff. Bivens, 403 U.S. at 388. In Bivens, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001). However, reluctant to extend Bivens liability "to any new context or new category of defendants," the Supreme Court subsequently held that Bivens provides no implied private right of action for damages against private entities engaged in alleged constitutional violations while acting under color of federal law. Id. at 66-70.

More recently, in Minneci v. Pollard, --- U.S. ---, 132 S.Ct. 617, 181 L.Ed.2d 606 (2012), the Supreme Court held that a federal prisoner could not bring Bivens claims for violations of his Eighth Amendment rights against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions. See id. at 626. The Court stated:

> [W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law."

Id.; see also Malesko, 534 U.S. at 63.

Watson cannot, therefore, maintain a Bivens action against GEO Group or its employees for their alleged failure to provide him with adequate medical care in violation of the Eighth Amendment. See, e.g., La Ford v. Geo Grp., Inc., No. 13 CV 1978, 2013 WL 2249253, at *2-3 (E.D.N.Y. May 22, 2013); Acosta v. Robinson, No. 12 CV 2287, 2012 WL 6569766, at *2 (E.D.N.Y. Dec. 17, 2012) ("The fact that plaintiff is a prisoner and was detained at a detention facility under contract with an agency of the federal government does not render these individuals liable under Bivens."); Brooks v. Sposato, No. 11 CV 2598, 2012 WL 6756944, at *5 (E.D.N.Y. Nov. 26, 2012). Nor can Watson's complaint be construed as asserting a Bivens claim against the United States Marshals Service because Bivens cannot support a claim for damages for constitutional violations directly against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); Razzoli v. Executive Office of U.S. Marshals, No. 10-CV-4269 CBA, 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010) (noting that Bivens claim cannot be brought against the United States Marshals Service).

Accordingly, Watson's claims are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 5, 2014
Brooklyn, N.Y.

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge